**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **MESA DIGITAL, LLC,** ) <br>    **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **KYOCERA INTERNATIONAL, INC.** ) <br>    **Defendant.** ) <br> ) | **Civil Action No. 6:21-cv-001019** <br><br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Mesa Digital, LLC ("Mesa") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US9,031,537 ("the '537 patent") (referred to as the "Patent-in-Suit") by Kyocera International, Inc. ("Kyocera").

**I.     THE PARTIES**

1.  Plaintiff Mesa is a New mexico Limited Liability Company with its principal place of business located in Albuquerque, New Mexico.

2.  On information and belief, is a limited liability company organized and existing under the laws of California, having its principal place of business as 8611 Balboa Avenue, San Diego, CA 92123. Defendant can be served through its registered agent: Corporation Service Company – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

3.  Kyocera further has a regular and established place of business located at 7801 Capital of Texas Highway, Suite 330, Austin, TX 78731.  On information and belief, Kyocera sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

**II.     JURISDICTION AND VENUE**

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '537 Patent

7. On May 12, 2015, U.S. Patent No. 9,031,537 ("the '537 patent" (included as an attachment, the contents of which are fully incorporatd by reference)) entitled "Electronic wireless hand held multimedia device" was duly and legally issued by the U.S. Patent and Trademark Office. Mesa owns the '537 patent by assignment.

8. The '537 patent relates to a novel and improved electronic wireless hand held multimedia devices including a microprocessor and more than one wireless transceiver modules enabling

wireless communications over a variety of standards, including Cellular (e.g., GSM, CDMA, GPRS, 3G), 802.11 (e.g., WLAN), and short range (e.g., Bluetooth, infrared, RFID), for the retrieval, processing and delivery of multimedia data to/from remote data resources (e.g., Internet, servers).

9. Kyocera maintains, operates, manufactures, sells, offers for sale, and imports electronic wireless hand held multimedia devices including a microprocessor and more than one wireless transceiver modules enabling wireless communications over a variety of standards, including Cellular (e.g., GSM, CDMA, GPRS, 3G), 802.11 (e.g., WLAN), and short range (e.g., Bluetooth, infrared, RFID), for the retrieval, processing and delivery of multimedia data to/from remote data resources (e.g., Internet, servers) that infringe one or more claims of the '537 patent, including one or more of claims 1-37, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '537 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following preliminary tabl

| US9031537 B2 | Kyocera's DuraForce PRO |

| | |
|---|---|
| 1. An electronic wireless hand held multimedia device, comprising: | <br><https://www.kyoceramobile.com/duraforce-pro/att/#specs><br><br>Kyocera's DuraForce PRO is an electronic wireless hand held multimedia device.<br><br>The reference includes subject matter disclosed by the claims of the patent after the priority date. |

| US9031537 B2 | Kyocera's DuraForce PRO |
|---|---|
| at least one of a wireless unit and a tuner unit supporting bi-directional data communications of data including video and text for the electronic wireless hand held multimediadevice with remote data resources over cellular telecommunications networks, over wireless local area networks and over a direct wireless connection with electronic devices located within short range using Bluetooth communications after accepting a passcode from a user of the electronic wireless hand held multimediadevice during the communications; | **Enhanced Connectivity**<br>• 2G, 3G and 4G LTE Global Ready support plus LTE international roaming makes traveling simple.<br>• VoLTE for improved voice quality.<br>• Mobile Wi-Fi hotspot capability, up to ten connections.³<br>• Enterprise grade Wi-Fi® with 802.11 a/b/g/n/ac/i/r/k, 2.4 and 5GHz and Wi-Fi Direct for max connectivity options on the LAN.<br>• aGPS with SUPL 2.0.<br>• Cloud storage with Google Drive.<br>• Bluetooth® (4.2 + LE/EDR) wireless technology support and Bluetooth Smart Ready so that peripheral devices like heart-rate monitors, scanners and door security sensors can connect seamlessly.<br>• NFC support to easily exchange contact information, content, asset IDs, and mobile payment.<br>• Wi-Fi CERTIFIED Miracast™.<br>• High-speed USB 2.0 and 3.5mm headphone jack.<br><br><https://www.kyoceramobile.com/duraforce-pro/DuraForcePRO_spec_sheet_Consumer_ATT.pdf><br><br>The reference describes at least one of a wireless unit and a tuner unit supporting bi-directional data communications of data including video and text for the electronic wireless hand held multimedia device with remote data resources over cellular telecommunications networks [2G, 3G and 4G LTE], over wireless local area networks [Wi-Fi® with 802.11 a/b/g/n/ac/i/r/k, 2.4 and 5GHz] and over a direct wireless connection with electronic devices located within short range using Bluetooth communications after accepting a passcodefrom a user of the electronic wireless hand held multimedia device during the communications [Bluetooth® (4.2 + LE/EDR)]. |

| US9031537 B2 | Kyocera's DuraForce PRO |
|---|---|
| a touch sensitive display screen configured to display the data including video and text received by the electronic wireless hand held multimedia device by selecting a particular data represented by a soft button on the touch sensitive display screen of the electronic wireless hand held multimedia device; and | <br><https://www.youtube.com/watch?v=Kki7UgrRwWY><br><br>The reference describes a touch sensitive display screen configured to display the data including video and text received by the electronic wireless hand held multimedia device.<br><br>The reference describes selecting a particular data represented by a soft button on the touch sensitive display screen of the electronic wireless hand held multimedia device. |

| US9031537 B2 | Kyocera's DuraForce PRO |
|---|---|
| a microprocessor configured to facilitate operation of and communications by the electronic wirelesshand held multimedia device. | Display:<br>5" FHD, TFT, IPS (1920 x1080 pixels), impact-resistant<br><br>Operating System:<br>Android™ 7 (Nougat)<br><br>Chipset:<br>MSM8952 Qualcomm® Snapdragon™ processor with 1.5 GHz x 4/1.2GHz x 4 Octa Core CPU<br><br>Radios:<br>4G LTE: Bands 1(2100), 2(1900), 3(1800), 4(1700/2100), 5(850), 7(2600), 12(700), 20(800), 29(700); LTE CAT6<br>4G: HSPA+<br>3G UMTS: 850/900/1700/1900/2100 MHz<br>GSM: 850/900/1800/1900 MHz<br><br>Memory:<br>32GB ROM/3GB RAM<br>microSDXC memory card slot (supports up to 256GB)<br><br>SIM Type:<br>Nano/4FF<br><https://www.kyoceramobile.com/duraforce-pro/DuraForcePRO_spec_sheet_Consumer_ATT.pdf><br><br>The reference describes a microprocessor configured to facilitate operation ofand communications by the electronic wireless hand held multimedia device [Chipset: MSM8952 Qualcomm® Snapdragon™ processor with 1.5 GHz x 4/1.2GHz x 4 Octa Core CPU]. |

These allegations of infringement are preliminary and are therefore subject to change.

11. Kyocera has and continues to induce infringement. Kyocera has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) such as to cause infringement of

one or more of claims 1–37 of the '537 patent, literally or under the doctrine of equivalents. Moreover, Kyocera has known of the '537 patent and the technology underlying it from at least the date of the filing of the lawsuit.

12. Kyocera has and continues to contributorily infringe. Kyocera has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) and related services such as to cause infringement of one or more of claims 1–37 of the '537 patent, literally or under the doctrine of equivalents. Moreover, Kyocera has known of the '537 patent and the technology underlying it from at least the date of the filing of the lawsuit.

13. Kyocera has caused and will continue to cause MESA damage by direct and indirect infringement of (including inducing infringement of) the claims of the '537 patent.

## IV.   JURY DEMAND

MESA hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, MESA prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '537 patent;

b. award MESA damages in an amount sufficient to compensate it for Defendant's infringement of the '537 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award MESA an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award MESA its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award MESA such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

wramey@rameyfirm.com

*Attorneys for Mesa Digital IP, LLC*